HEDDLESTON, APPELLANT, *v.* MACK, WARDEN, APPELLEE.

[Cite as *Heddleston v. Mack* (1998), 84 Ohio St.3d 213.]

(No. 98–1679—Submitted December 2, 1998—Decided December 30, 1998.)

---

*David A. Heddleston, Jr., pro se.*

*Betty D. Montgomery,* Attorney General, and *Diane Mallory,* Assistant Attorney General, for appellee.

---

***Per Curiam.*** Heddleston asserts that the court of appeals erred in dismissing his habeas corpus petition. For the reasons that follow, however, Heddleston's contention lacks merit.

First, Heddleston had adequate remedies by appeal or postconviction relief to review his claims of sentencing error, because these claims are not jurisdictional. *Smith v. Walker* (1998), 83 Ohio St.3d 431, 432, 700 N.E.2d 592, 592.

Second, the fact that Heddleston may have already invoked an alternate remedy, *i.e.,* a motion to correct jail-time credit, does not entitle him to extraordinary relief to relitigate the issue. *State ex rel. Sampson v. Parrott* (1998), 82 Ohio St.3d 92, 93, 694 N.E.2d 463.

Finally, habeas corpus is generally available only when the petitioner's maximum sentence has expired and he is being held unlawfully. *Morgan v. Ohio Adult Parole Auth.* (1994), 68 Ohio St.3d 344, 346, 626 N.E.2d 939, 941. Heddleston's maximum sentence has not expired. His claim is instead limited to earlier consideration of parole based on the alleged expiration of the minimum term of his sentence. But earlier consideration of parole is not tantamount to a legal right to release from prison. *State ex rel. Carrion v. Ohio Adult Parole Auth.* (1998), 80 Ohio St.3d 637, 637–638, 687 N.E.2d 759, 760; *State ex rel. Newell v. Cuyahoga Cty. Court of Common Pleas* (1997), 77 Ohio St.3d 269, 270, 673 N.E.2d 1299, 1300.

Based on the foregoing, the court of appeals properly dismissed Heddleston's habeas corpus petition. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.